**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ESTATE OF MARCO GOMEZ, | ) | |
| Deceased, by DAISY PEREZ, | ) | |
| Independent Administrator, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 18 C 910 |
| | ) | |
| VILLAGE OF FOREST PARK, | ) | |
| VILLAGE OF FOREST PARK OFFICER | ) | |
| John Doe, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Daisy Perez, as Independent Administrator of the Estate of Marco Gomez, by and

through his attorneys, Andrew M. Stroth and Carlton Odim of Action Injury Law Group LLC,

complains of Defendants, Village of Forest Park, Illinois and Village of Forest Park Police

Officer John Doe.

### Introduction

1. This is a civil rights action. On February 3, 2017, Marco Gomez, a 26 year-old

Hispanic male, lost his life. Without lawful justification, a Forest Park police officer shot and

killed Marco.

2. At the time of the shooting, Marco Gomez was unarmed and presented no immediate

threat to the Forest Park Police Officer or anyone else.

### Jurisdiction and Venue

3. The Jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §

1983 et seq; the Judicial Code, §§ 1331 and 1343(a); and the Constitution of the United States.

Venue is proper in this District under 28 U.S.C. § 1391(b). The parties reside, or, at the time the events took place, resided in this judicial district, and the events giving rise to the plaintiff's claims also occurred in this judicial district.

**Parties**

4.   Daisy Perez was appointed Independent Administrator of the Estate of Marco Gomez, deceased, by the Probate Division of the Circuit Court of Cook County, Illinois.

5.   Daisy Perez is a resident of Cook County, Illinois and is the sister of Marco Gomez.

6.   Defendant Officer John Doe was, at all times relevant to the allegations made in this complaint, a duly appointed police officer employed by the Village of Forest Park, Illinois, acting within the scope of his employment with the Village of Forest Park and under the color of state law. He is sued in his individual capacity.

7.   Defendant Village of Forest Park, Illinois, a municipality duly incorporated under the laws of the State of Illinois, is the employer and principal of Defendant Officers John Doe. The Village is responsible for the policies, practices and customs related to its maintenance of a police force.

**Facts**

8.   On February 3, 2017 at approximately 6:15 pm, Marco Gomez was driving a stolen silver Volkswagen at or near Jackson Boulevard and Harlem Avenue in Forest Park, Illinois. The Defendant Officer saw the silver Volkswagen at a stoplight, exited his patrol vehicle and approached the vehicle on foot. When the light turned green, Marco continued to drive the vehicle away from the Defendant Officer. Without cause or provocation, the Defendant Officer fired one shot into the Volkswagen, hitting Marco's chest, puncturing his lung and fatally killing him.

9. On information and belief, Officers John Doe and unidentified employees and agents of the Forest Park Police Department, jointly agreed and/or conspired with one another to prepare false, misleading, and incomplete official reports and to give a false, incomplete, and misleading versions of the events of February 3, 2017, for the purpose of, among other things, maintaining a "Code of Silence" to protect Officers John Doe, the Village of Forest Park Police Department and the Village of Forest Park, Illinois from the potential consequences of the officers misconduct and to cover up that misconduct.

10. The actions of the Defendant and his unnamed co-conspirators, as alleged in this complaint, were done jointly, in concert, and with shared intent and, therefore, constitute a continuing civil conspiracy under 42 U.S.C. § 1983.

### Count I
### 42 U.S.C. § 1983 Claim for Unconstitutional Seizure

11. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

12. The actions of the Defendant Officer in shooting Marco Gomez without just cause violated Marco Gomez's rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure, and his right to due process under the Fourteenth Amendment to the United States Constitution, and caused the injuries alleged in this complaint.

13. The actions of Officers John Doe as alleged in this Count 1 of the complaint were the direct and proximate cause of the constitutional violations set forth above and of the Plaintiffs injuries.

WHEREFORE, pursuant to 42 U.S.C. §1983, Plaintiff demands substantial actual or

compensatory damages against Defendant Officer John Doe, and because Defendant Officer John Doe acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, attorney's fees and whatever additional relief this Court deems equitable and just.

**Count 2**
**42 U.S.C. § 1983 Monell Policy Claim Against Defendant Village of Forest Park**

14. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

15. The actions of Officer John Doe as alleged in this complaint were done under the authority of one or more interrelated de facto policies, practices and/or customs of the Village of Forest Park, Illinois, its police department, Police Board, Internal Affairs Division of the Forest Park Police Department, Personnel Division, and/or Superintendents.

16. At all times material to the allegations contained in this complaint, the Defendant Village of Forest Park and its police department, Superintendents, Personnel Division and/or Police Board had interrelated de facto policies, practices, and customs which included, among other things:

> a) the failure to properly hire, train, supervise, discipline, transfer, monitor, counsel and/or otherwise control police officers who commit acts of excessive force, including unjustified shootings;
>
> b the police code of silence;
>
> c) the encouragement of excessive and unreasonable force;
>
> d) the failure to properly investigate shootings of civilians by Forest Park, Illinois police officers;
>
> e) the failure to properly discipline, monitor, counsel and otherwise control Forest Park police officers who engage in unjustified shootings; and/or
>
> f) the failure to properly train and supervise Forest Park, Illinois police officers with regard to discharging their weapons at civilians.

17. That the unconstitutional actions of the Defendant as alleged in this complaint were part and parcel of a widespread municipal policy, practice and custom is further established by the involvement in, and ratification of, these acts by municipal supervisors and policy makers, as well as by a wide range of other police officials, officers, and divisions of the Department, including its Internal Affairs Division, the Detective Division, and the Public Affairs Section.

18. The policies, practices and/or customs alleged in this complaint, separately and together, are the proximate cause of the injury and death of Marco Gomez and of the injury to his Estate, because Defendant Officer John Doe had good reason to believe that his misconduct would not be revealed or reported by fellow officers or their supervisors, that their false, incomplete, and misleading reports would go unchallenged by these supervisors and fellow officers, from the police Superintendents, Police Board, on down, and that they were immune from disciplinary action, thereby protecting him from the consequences of his unconstitutional conduct.

19. But for the belief that he would be protected, both by fellow officers and by the department, from serious consequences, Defendant Officer John Doe would not have engaged in the conduct that resulted in the shooting and death of Marco Gomez.

20. The interrelated policies, practices and customs, as alleged in this complaint, individually and together, were maintained and implemented with deliberate indifference, and encouraged the Defendant Officers John Doe to commit the acts alleged in this complaint against Edward Russell Jr.; they, therefore, are the moving forces behind, and the direct and proximate causes of, the injuries to Marco Gomez and his Estate.

21. Among other things, the policies, practices and customs alleged in this complaint

encouraged the extrajudicial shooting of civilians, other police misconduct, the fabrication of evidence, the intimidation of witnesses, and the making of false, incorrect and misleading statements and reports, and the maintenance of a code of silence. These policies, practices and customs, therefore, are the moving forces behind, and the direct and proximate causes of, the unconstitutional acts committed by the Defendant Officer in this case and the injuries to Marco Gomez and his Estate.

WHEREFORE, pursuant to 42 U.S.C. §1983, Plaintiff demands substantial actual or compensatory damages against the Village of Forest Park, plus the costs of this action, attorney's fees and whatever additional relief this Court deems equitable and just.

## Count 3
## State Law Survival Claim

22. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

23. As a direct and proximate result of the wrongful actions of Defendant Officer John Doe alleged in this complaint, Marco Gomez suffered serious injuries of a personal and pecuniary nature, including but not limited to, pain and suffering experienced as he was dying from the gunshot wounds inflicted by Defendant, subjecting them to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

WHEREFORE, Plaintiff demands substantial actual or compensatory damages against Defendants, and because Defendant John Doe acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action and whatever additional relief this Court deems equitable and just.

**Count 4**
**State Law Wrongful Death Claim**

24. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

25. As a direct and proximate result of the foregoing willful and wanton acts of the Defendant and Village of Forest Park, Marco Gomez died on February 3, 2017.

26. Plaintiff, Daisy Perez, Independent Administrator of the Estate of Marco Gomez, deceased, brings this action in her capacity as Independent Administrator on

behalf of the beneficiaries of the Estate of Marco Gomez, all of whom have suffered and will continue to suffer pecuniary loss as a result of the death of Marco Gomez.

WHEREFORE, the Plaintiff, Daisy Perez, Independent Administrator of the Estate of Marco Gomez, demands judgment against the Defendant Officer John Doe and Village of Forest Park for compensatory and punitive damages, plus costs and any and all other relief that this Court deems just, fair, necessary and proper.

**Count 5**
**State Law Claim for Funeral Expenses**

27. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

28. As a direct and proximate result of the actions of Defendants alleged in this complaint, having been taken within the scope of Defendant's employment with the Village of Forest Park, Plaintiff and the Estate of Marco Gomez sustained losses in the form of funeral and burial expenses.

WHEREFORE, Plaintiff demands substantial actual or compensatory damages against the Defendants, and because Defendant Office John Doe acted maliciously, wantonly, or

oppressively, punitive damages, plus the costs of this action and whatever additional relief this Court deems equitable and just.

## Count 6
## State Law Claim for Conspiracy

29. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

30. Defendants, together with their unsued co-conspirators, reached an understanding, engaged and continue to engage in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to complete false, inaccurate, and misleading reports, and to make false statements to superior officers in order to conceal the wrongdoing of Defendants.

31. In furtherance of this conspiracy or conspiracies, the Defendants, together with their unsued co-conspirators, committed the overt acts set alleged in this complaint.

32. These conspiracies are continuing.

WHEREFORE, Plaintiff demands substantial actual or compensatory damages against Defendant Officer John Doe, and, because Defendant Officer John Doe acted maliciously, wantonly, or oppressively, plaintiff demands punitive damages, plus the costs of this action and whatever additional relief this Court deems equitable and just.

## Count 7
## State Law Claim for Battery

33. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

34. The Defendant knowingly and without legal justification caused bodily harm to Plaintiff when he shot and killed him, thereby constituting battery under Illinois law.

8

WHEREFORE, Plaintiff demands substantial actual or compensatory damages against Defendant Officer John Doe, and, because Defendant Officer John Doe acted maliciously, wantonly, or oppressively, plaintiff demands punitive damages, plus the costs of this action and whatever additional relief this Court deems equitable and just.

## Count 8
### State Law Claim for Respondeat Superior Against Defendant Village of Forest Park

35. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

36. Defendant Officer John Doe was, at all times material to the allegations made in this complaint, employee and agent of the Defendant Village of Forest Park acting within the scope of their employment. Defendant Village of Forest Park is liable for the acts of Defendant Officer John Doe which violated state law under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for compensatory damages, jointly and severally from Defendant Officer John Doe and Defendant Village of Forest Park plus the costs of this action and whatever additional relief this Court deems equitable and just.

## Count 9
### 745 ILCS 10/9-102 Claim Against Defendant Village of Forest Park

37. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

38. Defendant Village of Forest Park was the employer of Defendants Officer at all times relevant to the allegations contained in this complaint.

39. Defendant Officer committed the acts alleged in this complaint under the color of law and in the scope of his employment as an employee of the Village of Forest Park and the Village is liable for their actions under 745 ILCS 10/9-102.

9

WHEREFORE, Plaintiff demands judgment against the Defendant Village of Forest Park in the amount awarded to Plaintiff against Defendant Officer John Doe as damages, attorney's fees, costs and interest, and/or for any settlement entered into between the Plaintiff and Defendants, and for whatever additional relief this Court deems equitable and just.

February 3, 2018

/s/Andrew Stroth

Andrew M. Stroth
Action Injury Law Group, LLC
191 North Wacker Drive
Suite 2300
Chicago, IL 60606
(312) 771-2444
astroth@actioninjurylawgroup.com

Carlton Odim
Action Injury Law Group, LLC
191 N. Wacker Drive
Suite 2300
Chicago, IL 60606
(312) 578-9390
carlton@actioninjurylawgroup.com

*ATTORNEYS FOR PLAINTIFF*