**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ESTATE OF MARCO GOMEZ, Deceased, by DAISY PEREZ, Independent Administrator,

Plaintiff,

v.

VILLAGE OF FOREST PARK, et al.,

Defendants.

Case No. 18-CV-910

**DEFENDANT VILLAGE OF FOREST PARK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, VILLAGE OF FOREST PARK (hereinafter "Defendant Village")[1] by and through one of its attorneys, Gail L. Reich, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, Defendant states as follows:

**Introduction**

1. This is a civil rights action. On February 3, 2017, Marco Gomez, a 26 year-old Hispanic male, lost his life. Without lawful justification, a Forest Park police officer shot and killed Marco.

**ANSWER: Defendant Village admits Plaintiff has filed a civil rights action and that on February 3, 2017, Marco Gomez ("Gomez"), a 26 year-old Hispanic male, was fatally shot by a Forest Park police officer. Defendant Village denies Gomez was shot without lawful justification.**

2. At the time of the shooting, Marco Gomez was unarmed and presented no immediate threat to the Forest Park Police Officer or anyone else.

**ANSWER: Defendant Village denies the allegations in this paragraph.**

[1] Plaintiff has set forth allegations in her complaint against Forest Park Police Officer John Doe. As to all allegations against the John Doe Officer, Defendant Village makes no answer.

**Jurisdiction and Venue**

3. The Jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983 et seq; the Judicial Code, §§ 1331 and 1343(a); and the Constitution of the United States. Venue is proper in this District under 28 U.S.C. § 1391(b). The parties reside, or, at the time the events took place, resided in this judicial district, and the events giving rise to the plaintiff's claims also occurred in this judicial district

**ANSWER: Defendant Village admits that Plaintiff purports to bring her claims pursuant to 42 U.S.C. §1983, the court has jurisdiction over Plaintiff's claims, and that venue is proper. Defendant Village further admits that the incident of which Plaintiff complains took place in this district, but denies the events occurred as described herein and denies wrongdoing.**

**Parties**

4. Daisy Perez was appointed Independent Administrator of the Estate of Marco Gomez, deceased, by the Probate Division of the Circuit Court of Cook County, Illinois.

**ANSWER: Defendant Village lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

5. Daisy Perez is a resident of Cook County, Illinois and is the sister of Marco Gomez.

**ANSWER: Defendant Village lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

6. Defendant Officer John Doe was, at all times relevant to the allegations made in this complaint, a duly appointed police officer employed by the Village of Forest Park, Illinois, acting within the scope of his employment with the Village of Forest Park and under the color of state law. He is sued in his individual capacity.

**ANSWER: Defendant Village admits that the officer who fatally shot Gomez was a duly appointed police officer employed by the Village of Forest Park and was acting within the**

**scope of his employment and under color of law. Defendant Village further admits that Plaintiff purports to sue the officer who fatally shot Gomez in his individual capacity.**

7. Defendant Village of Forest Park, Illinois, a municipality duly incorporated under the laws of the State of Illinois, is the employer and principal of Defendant Officers John Doe. The Village is responsible for the policies, practices and customs related to its maintenance of a police force.

**ANSWER: Defendant Village admits it is a municipality incorporated in the State of Illinois, which maintains and is responsible for policies with respect to its police force, and that it is the employer and principal of the officer who fatally shot Gomez.**

**Facts**

8. On February 3, 2017 at approximately 6:15 pm, Marco Gomez was driving a stolen silver Volkswagen at or near Jackson Boulevard and Harlem Avenue in Forest Park, Illinois. The Defendant Officer saw the silver Volkswagen at a stoplight, exited his patrol vehicle and approached the vehicle on foot. When the light turned green, Marco continued to drive the vehicle away from the Defendant Officer. Without cause or provocation, the Defendant Officer fired one shot into the Volkswagen, hitting Marco's chest, puncturing his lung and fatally killing him.

**ANSWER: Defendant Village admits that on February 3, 2017, at approximately 6:15 p.m., Gomez was driving a stolen silver Volkswagen near Jackson Blvd. and Harlem Ave., near the border of Oak Park and Forest Park, IL. Defendant Village further admits that prior to fatally shooting Gomez, the officer exited his patrol vehicle and approached Gomez on foot. Defendant Village, on information and belief, admits that Gomez was hit in the chest. Defendant Village lacks knowledge or information sufficient to form a belief as to whether the officer who fatally shot Gomez fired one shot into the Volkswagen or whether Gomez's lung was punctured. Defendant Village denies the sequence of events and denies the remaining allegations in this paragraph.**

9. On information and belief, Officers John Doe and unidentified employees and agents of the Forest Park Police Department, jointly agreed and/or conspired with one another to prepare false, misleading, and incomplete official reports and to give a false,

incomplete, and misleading versions of the events of February 3, 2017, for the purpose of, among other things, maintaining a "Code of Silence" to protect Officers John Doe, the Village of Forest Park Police Department and the Village of Forest Park, Illinois from the potential consequences of the officers misconduct and to cover up that misconduct.

**ANSWER: Upon information and belief, Defendant Village denies the allegations in this paragraph.**

10. The actions of the Defendant and his unnamed co-conspirators, as alleged in this complaint, were done jointly, in concert, and with shared intent and, therefore, constitute a continuing civil conspiracy under 42 U.S.C. § 1983.

**ANSWER: Upon information and belief, Defendant Village denies the allegations in this paragraph.**

**Count I**
**42 U.S.C. § 1983 Claim for Unconstitutional Seizure**

11. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

**ANSWER: Defendant Village repeats its responses to the preceding paragraphs as though fully set forth herein for its answer to paragraph 11.**

12. The actions of the Defendant Officer in shooting Marco Gomez without just cause violated Marco Gomez's rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure, and his right to due process under the Fourteenth Amendment to the United States Constitution, and caused the injuries alleged in this complaint.

**ANSWER: Defendant Village denies the allegations in this paragraph.**

13. The actions of Officers John Doe as alleged in this Count 1 of the complaint were the direct and proximate cause of the constitutional violations set forth above and of the Plaintiffs injuries.

**ANSWER: Defendant Village denies the allegations in this paragraph.**

**Count 2**
**42 U.S.C. § 1983 Monell Policy Claim Against Defendant Village of Forest Park**

14. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

**ANSWER: Defendant Village repeats its responses to the preceding paragraphs as though fully set forth herein for its answer to paragraph 14.**

15. The actions of Officer John Doe as alleged in this complaint were done under the authority of one or more interrelated de facto policies, practices and/or customs of the Village of Forest Park, Illinois, its police department, Police Board, Internal Affairs Division of the Forest Park Police Department, Personnel Division, and/or Superintendents.

**ANSWER: Defendant Village denies the allegations in this paragraph.**

16. At all times material to the allegations contained in this complaint, the Defendant Village of Forest Park and its police department, Superintendents, Personnel Division and/or Police Board had interrelated de facto policies, practices, and customs which included, among other things:

a) the failure to properly hire, train, supervise, discipline, transfer, monitor, counsel and/or otherwise control police officers who commit acts of excessive force, including unjustified shootings;

b) the police code of silence;

c) the encouragement of excessive and unreasonable force;

d) the failure to properly investigate shootings of civilians by Forest Park,

Illinois police officers;

e)     the failure to properly discipline, monitor, counsel and otherwise control Forest Park police officers who engage in unjustified shootings; and/or

f)     the failure to properly train and supervise Forest Park, Illinois police officers with regard to discharging their weapons at civilians.

**ANSWER:     Defendant Village denies the allegations in this paragraph.**

17.     That the unconstitutional actions of the Defendant as alleged in this complaint were part and parcel of a widespread municipal policy, practice and custom is further established by the involvement in, and ratification of, these acts by municipal supervisors and policy makers, as well as by a wide range of other police officials, officers, and divisions of the Department, including its Internal Affairs Division, the Detective Division, and the Public Affairs Section.

**ANSWER:     Defendant Village denies the allegations in this paragraph.**

18.     The policies, practices and/or customs alleged in this complaint, separately and together, are the proximate cause of the injury and death of Marco Gomez and of the injury to his Estate, because Defendant Officer John Doe had good reason to believe that his misconduct would not be revealed or reported by fellow officers or their supervisors, that their false, incomplete, and misleading reports would go unchallenged by these supervisors and fellow officers, from the police Superintendents, Police Board, on down, and that they were immune from disciplinary action, thereby protecting him from the consequences of his unconstitutional conduct.

**ANSWER:     Defendant Village denies the allegations in this paragraph.**

19. But for the belief that he would be protected, both by fellow officers and by the department, from serious consequences, Defendant Officer John Doe would not have engaged in the conduct that resulted in the shooting and death of Marco Gomez.

**ANSWER: Defendant Village denies the allegations in this paragraph.**

20. The interrelated policies, practices and customs, as alleged in this complaint, individually and together, were maintained and implemented with deliberate indifference, and encouraged the Defendant Officers John Doe to commit the acts alleged in this complaint against Edward Russell Jr.; they, therefore, are the moving forces behind, and the direct and proximate causes of, the injuries to Marco Gomez and his Estate.

**ANSWER: Defendant Village denies the allegations in this paragraph.**

21. Among other things, the policies, practices and customs alleged in this complaint encouraged the extrajudicial shooting of civilians, other police misconduct, the fabrication of evidence, the intimidation of witnesses, and the making of false, incorrect and misleading statements and reports, and the maintenance of a code of silence. These policies, practices and customs, therefore, are the moving forces behind, and the direct and proximate causes of, the unconstitutional acts committed by the Defendant Officer in this case and the injuries to Marco Gomez and his Estate.

**ANSWER: Defendant Village denies the allegations in this paragraph.**

**Count 3**
**State Law Survival Claim**

22. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

**ANSWER: Defendant Village repeats its responses to the preceding paragraphs as though fully set forth herein for its answer to paragraph 22.**

23. As a direct and proximate result of the wrongful actions of Defendant Officer John Doe alleged in this complaint, Marco Gomez suffered serious injuries of a personal and pecuniary nature, including but not limited to, pain and suffering experienced as he was dying from the gunshot wounds inflicted by Defendant, subjecting them to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

**ANSWER: Defendant Village denies any wrongful conduct. Upon information and belief, Defendant Village denies the remaining allegations in this paragraph.**

**Count 4**
**State Law Wrongful Death Claim**

24. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

**ANSWER: Defendant Village repeats its responses to the preceding paragraphs as though fully set forth herein for its answer to paragraph 24.**

25. As a direct and proximate result of the foregoing willful and wanton acts of the Defendant and Village of Forest Park, Marco Gomez died on February 3, 2017.

**ANSWER: Defendant Village admits Gomez died on February 3, 2017, but denies the remaining allegations in this paragraph.**

26. Plaintiff, Daisy Perez, Independent Administrator of the Estate of Marco Gomez, deceased, brings this action in her capacity as Independent Administrator on behalf of the beneficiaries of the Estate of Marco Gomez, all of whom have suffered and will continue to suffer pecuniary loss as a result of the death of Marco Gomez.

**ANSWER: Upon information and belief Defendant Village admits that plaintiff brings this action in her capacity as Independent Administrator, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

**Count 5**
**State Law Claim for Funeral Expenses**

27. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

**ANSWER: Defendant Village repeats its responses to the preceding paragraphs as though fully set forth herein for its answer to paragraph 27.**

28. As a direct and proximate result of the actions of Defendants alleged in this complaint, having been taken within the scope of Defendant's employment with the Village of Forest Park, Plaintiff and the Estate of Marco Gomez sustained losses in the form of funeral and burial expenses.

**ANSWER: Defendant Village admits the officer who fatally shot Gomez was acting within the scope of his employment, but denies the remaining allegations in this paragraph.**

**Count 6**
**State Law Claim for Conspiracy**

29. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

**ANSWER: Defendant Village repeats its responses to the preceding paragraphs as though fully set forth herein for its answer to paragraph 29.**

30. Defendants, together with their unsued co-conspirators, reached an understanding, engaged and continue to engage in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to complete false, inaccurate, and misleading reports, and to make false statements to superior officers in order to conceal the wrongdoing of Defendants.

**ANSWER: Defendant Village denies the allegations in this paragraph.**

31. In furtherance of this conspiracy or conspiracies, the Defendants, together with their unsued co-conspirators, committed the overt acts set alleged in this complaint.

**ANSWER: Defendant Village denies the allegations in this paragraph.**

32. These conspiracies are continuing.

**ANSWER: Defendant Village denies the allegations in this paragraph.**

**Count 7**
**State Law Claim for Battery**

33. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

**ANSWER: Defendant Village repeats its responses to the preceding paragraphs as though fully set forth herein for its answer to paragraph 33.**

34. The Defendant knowingly and without legal justification caused bodily harm to Plaintiff when he shot and killed him, thereby constituting battery under Illinois law.

**ANSWER: Defendant Village admits that Gomez was fatally shot. Upon information and belief, Defendant Village denies the remaining allegations in this paragraph.**

**Count 8**
**State Law Claim for Respondeat Superior Against Defendant Village of Forest Park**

35. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

**ANSWER: Defendant Village repeats its responses to the preceding paragraphs as though fully set forth herein for its answer to paragraph 35.**

36. Defendant Officer John Doe was, at all times material to the allegations made in this complaint, employee and agent of the Defendant Village of Forest Park acting within the scope of their employment. Defendant Village of Forest Park is liable for the acts of Defendant Officer John Doe which violated state law under the doctrine of respondeat superior.

**ANSWER: Defendant Village admits that the officer who fatally shot Gomez was at all times relevant an employee and agent of the Village of Forest Park and acting within the**

**scope of his employment. Defendant Village denies liability and denies the remaining allegations in this paragraph.**

**Count 9**
**745 ILCS 10/9-102 Claim Against Defendant Village of Forest Park**

37. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

**ANSWER: Defendant Village repeats its responses to the preceding paragraphs as though fully set forth herein for its answer to paragraph 37.**

38. Defendant Village of Forest Park was the employer of Defendants Officer at all times relevant to the allegations contained in this complaint.

**ANSWER: Defendant Village admits it was, at all relevant times, the employer of the officer who fatally shot Gomez, but denies any wrongful conduct and therefore denies the remaining allegations in this paragraph.**

39. Defendant Officer committed the acts alleged in this complaint under the color of law and in the scope of his employment as an employee of the Village of Forest Park and the Village is liable for their actions under 745 ILCS 10/9-102.

**ANSWER: Defendant Village admits that the officer who fatally shot Gomez was an employee of the Village of Forest Park, acting under color of law and within the scope of his employment, but denies liability and denies the remaining allegations in this paragraph.**

WHEREFORE, Defendant, VILLAGE OF FOREST PARK, prays that this Court find in its favor, dismiss Plaintiff's Complaint with prejudice and award costs to Defendant.

## AFFIRMATIVE DEFENSES

Defendant, VILLAGE OF FOREST PARK, in addition to the denials and defenses set forth hereinabove this responsive pleading, asserts the following additional affirmative defenses to Plaintiff's purported claims, to wit:

1. Defendant Village of Forest Park is not liable to plaintiff if its employees or agents are not liable to plaintiff. 745 ILCS 10/2-109.

2. Defendant Village of Forest Park is not liable for punitive or exemplary damages under both 42 U.S.C. § 1983 and state law. Defendant Village of Forest Park cannot be required to indemnify an employee for punitive damages, nor may it pay a judgment for punitive damages on behalf of an employee. See *City of Newport v. Facts Concerts*, 453 U.S. 247, 271 (1981); 745 ILCS 10/2-102.

3. Defendant Village of Forest Park is not liable for an injury caused by adopting or failing to adopt an enactment. 745 ILCS 10/2-103.

WHEREFORE, Defendant, VILLAGE OF FOREST PARK prays that this Court find in its favor, dismiss Plaintiff's Complaint with prejudice, and award costs to Defendant.

**DEFENDANT DEMANDS TRIAL BY JURY.**

Respectfully submitted,

**VILLAGE OF FOREST PARK**

By: *s/Gail L. Reich*

Gail L. Reich, #6279564
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Phone: 847/291-0200
Fax: 847/291-9230
Email: greich@okgc.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ESTATE OF MARCO GOMEZ,<br>Deceased, by DAISY PEREZ,<br>Independent Administrator,<br><br>Plaintiff,<br><br>v.<br><br>VILLAGE OF FOREST PARK, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 18-CV-910 |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2018, I electronically filed ***Defendant Village of Forest Park's Answer and Affirmative Defenses to Plaintiff's Complaint*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following registered CM/ECF participant:

Carlton E. Odim
carlton@odimlawoffices.com

Andrew M. Stroth
astroth@actioninjurylawgroup.com

Amanda S. Yarusso
amanda.yarusso@gmail.com

By: *s/Gail L. Reich*

Gail L. Reich, #6279564
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Phone: 847/291-0200
Fax: 847/291-9230
Email: greich@okgc.com