UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ESTATE OF MARCO GOMEZ,　　　　　)
Deceased, by DAISY PEREZ,　　　　　　)
Independent Administrator,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　　Judge Robert W. Gettleman
　　　　　　　　　　　　Plaintiff,　　　)
　　　　　　　　　　　　　　　　　　　)　　　Magistrate Judge Daniel G. Martin
　　　vs.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　　No. 18 C 910
VILLAGE OF FOREST PARK,　　　　　　)
DANIEL MILLER,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Defendants.　)　　　JURY TRIAL DEMANDED

**FIRST AMENDED COMPLAINT**

　　　Daisy Perez, as Independent Administrator of the Estate of Marco Gomez, by and

through her attorneys, Andrew M. Stroth and Carlton Odim of Action Injury Law Group LLC,

and Amanda S. Yarusso, complains of Defendants, Village of Forest Park, Illinois and Daniel

Miller, as follows:

**Introduction**

　　　1.　This is a civil rights action. On February 3, 2017, Marco Gomez, a 26 year-old

Hispanic male, lost his life. Without lawful justification, Forest Park Police Officer Daniel Miller

shot and killed Marco.

　　　2.　At the time of the shooting, Marco Gomez was unarmed and presented no immediate

threat to Defendant Officer Daniel Miller, or anyone else.

**Jurisdiction and Venue**

　　　3.　The Jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §

1983 et seq.; the Judicial Code, §§ 1331 and 1343(a); and the Constitution of the United States.

1

Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this District under 28 U.S.C. § 1391(b). The parties reside, or, at the time the events took place, resided in this judicial district, and the events giving rise to Plaintiff's claims also occurred in this judicial district.

**Parties**

5. Daisy Perez was appointed Independent Administrator of the Estate of Marco Gomez, deceased, by the Probate Division of the Circuit Court of Cook County, Illinois.

6. Daisy Perez is a resident of Cook County, Illinois and is the sister of Marco Gomez.

7. Defendant Officer Daniel Miller was, at all times relevant to the allegations made in this complaint, a duly appointed police officer employed by the Village of Forest Park, Illinois, acting within the scope of his employment with the Village of Forest Park, and under color of state law. He is sued in his individual capacity.

8. Defendant Village of Forest Park, Illinois, is a municipality duly incorporated under the laws of the State of Illinois and is the employer and principal of Defendant Miller. The Village is responsible for the policies, practices and customs related to its maintenance of a police force.

**Facts**

9. On February 3, 2017, at approximately 6:00 pm, Marco Gomez was driving a silver Volkswagen, that had been reported stolen, at or near Jackson Boulevard and Harlem Avenue in Forest Park, Illinois.

10. Defendant Miller saw the silver Volkswagen at a stoplight, exited his patrol vehicle, and approached the vehicle on foot.

11. As Defendant Miller approached the vehicle, he drew his weapon and pointed it at Marco.

12. As Defendant Miller approached the vehicle, Marco reversed the vehicle away from Defendant Miller.

13. Defendant Miller continued to chase after Marco on foot with his gun drawn and pointed at Marco.

14. Marco turned the vehicle and attempted to drive the vehicle (in drive rather than reverse) away from Defendant Miller.

15. Without cause or provocation, as Marco was driving away, Defendant Miller fired into the Volkswagen, hitting Marco's chest, puncturing his lung and fatally killing him.

16. When Defendant Miller shot Marco, Defendant Miller was not in front of the vehicle.

17. When Defendant Miller shot Marco, Defendant Miller was positioned on the driver's side of the vehicle.

18. When Defendant Miller shot Marco, the vehicle was moving away from Defendant Miller.

19. A Jiffy Lube located at the intersection where these events occurred was equipped with video surveillance equipment that captured a recording of the Defendant Miller's approach to the vehicle and shooting of Marco.

20. The video recording has been tendered by Defendant Village of Forest Park to Plaintiff as a file named "ch10_20170203180344.mp4."

21. This video recording depicts Defendant Miller approaching the vehicle Marco was driving with Defendant Miller's weapon drawn and pointed at Marco.

22. This video recording depicts Marco reversing the vehicle away from Defendant

3

Miller as Defendant Miller approaches.

23. This video recording depicts Defendant Miller continuing to chase after Marco on foot with his gun drawn and pointed at Marco.

24. This video recording depicts Marco turning the vehicle and attempting to drive the vehicle (in drive rather than reverse) away from Defendant Miller.

25. This video recording depicts the vehicle driving forward and past Defendant Miller with Defendant Miller positioned to the driver's side and rear of the vehicle.

26. This video recording depicts the vehicle continuing to drive forward and past Defendant Miller while Defendant Miller has his gun drawn and pointed at the vehicle.

27. This video recording depicts the vehicle coming to a stop with Defendant Miller positioned to the side and behind the vehicle.

28. During the entirety of the video recording, as depicted in the video recording, Defendant Miller approaches and pursues the vehicle.

29. This video recording contains no footage depicting Defendant Miller backing away or otherwise trying to avoid the vehicle.

30. According to the Cook County Medical Examiner's Report, the trajectory of the projectile (i.e. bullet) that caused the fatal gunshot wound is "left to right, back to front, and upward."

31. According to the Cook County Medical Examiner's Report, the gunshot wound's entrance was located at the lateral left side of chest.

32. The entrance wound and trajectory of the bullet indicates Defendant Miller shot Marco while Defendant Miller was positioned to the side and back of Marco.

**Count 1**
**42 U.S.C. § 1983 Claim for Unconstitutional Seizure**

33. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

34. The actions of Defendant Miller in shooting Marco Gomez without just cause violated Marco Gomez's rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure, and his right to due process under the Fourteenth Amendment to the United States Constitution, and caused the injuries alleged in this complaint.

35. The actions of Defendant Miller were the direct and proximate cause of the constitutional violations set forth above and of the Plaintiff's injuries.

WHEREFORE, pursuant to 42 U.S.C. §1983, Plaintiff demands substantial actual or compensatory damages against Defendant Miller, punitive damages against Defendant Miller, plus the costs of this action, attorneys' fees and whatever additional relief this Court deems equitable and just.

**Count 2**
**42 U.S.C. § 1983 Monell Policy Claim Against Defendant Village of Forest Park**

36. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

37. The actions of Defendant Miller as alleged in this complaint were done under the authority of one or more interrelated de facto policies, practices and/or customs of the Village of Forest Park, Illinois, its police department, Police Board, Internal Affairs Division of the Forest Park Police Department, Personnel Division, and/or Superintendents.

38. At all times material to the allegations contained in this complaint, the Defendant

Village of Forest Park and its police department, Superintendents, Personnel Division and/or

Police Board had interrelated de facto policies, practices, and customs which included, among

other things:

> a) the failure to properly hire, train, supervise, discipline, transfer, monitor, counsel and/or otherwise control police officers who commit acts of excessive force, including unjustified shootings;
>
> b) the police code of silence;
>
> c) the encouragement of excessive and unreasonable force;
>
> d) the failure to properly investigate shootings of civilians by Forest Park, Illinois police officers;
>
> e) the failure to properly discipline, monitor, counsel and otherwise control Forest Park police officers who engage in unjustified shootings;
>
> f) the failure to properly train and supervise Forest Park, Illinois police officers with regard to discharging their weapons at civilians;
>
> g) the failure to properly train and supervise Forest Park, Illinois police officers with regard to vehicle pursuits and firing a weapon at a moving vehicle.

39. That the unconstitutional actions of Defendant Miller as alleged in this complaint

were part and parcel of a widespread municipal policy, practice and custom is further established

by the involvement in, and ratification of, these acts by municipal supervisors and policy makers,

as well as by a wide range of other police officials, officers, and divisions of the Department,

including its Internal Affairs Division, Deputy Chief and Chief.

40. The policies, practices and/or customs alleged in this complaint, separately and

together, are the proximate cause of the injury and death of Marco Gomez and of the injury to his

Estate, because Defendant Miller had good reason to believe that his misconduct would not be

revealed or reported by fellow officers or their supervisors, that their false, incomplete, and

misleading reports would go unchallenged by these supervisors and fellow officers, from the

police Superintendents, Police Board, on down, and that they were immune from disciplinary action, thereby protecting him from the consequences of his unconstitutional conduct.

41. But for the belief that he would be protected, both by fellow officers and by the department, from serious consequences, Defendant Miller would not have engaged in the conduct that resulted in the shooting and death of Marco Gomez.

42. The policies, practices and/or customs alleged in this complaint, separately and together, are the proximate cause of the injury and death of Marco Gomez and of the injury to his Estate, because Defendant Miller was not properly trained or supervised regarding the use of force, the use of deadly force, vehicle pursuits and firing his weapon into a moving vehicle, and this lack of training and supervision resulted in Defendant Miller excessively and unjustifiably shooting Marco Gomez.

43. The interrelated policies, practices and customs, as alleged in this complaint, individually and together, were maintained and implemented with deliberate indifference, and encouraged and/or allowed Defendant Miller to commit the acts alleged in this complaint against Marco Gomez; they, therefore, are the moving forces behind, and the direct and proximate causes of, the injuries to Marco Gomez and his Estate.

44. Among other things, the policies, practices and customs alleged in this complaint encouraged the extrajudicial shooting of civilians, including shooting at vehicle occupants in the context of a vehicle pursuit, other police misconduct, the fabrication of evidence, the intimidation of witnesses, the making of false, incorrect and misleading statements and reports, and the maintenance of a code of silence. These policies, practices and customs, therefore, are the moving forces behind, and the direct and proximate causes of, the unconstitutional acts committed by Defendant Miller in this case and the injuries to Marco Gomez and his Estate.

WHEREFORE, pursuant to 42 U.S.C. §1983, Plaintiff demands substantial actual or compensatory damages against the Village of Forest Park, plus the costs of this action, attorneys' fees and whatever additional relief this Court deems equitable and just.

## Count 3
## State Law Survival Claim

45. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

46. As a direct and proximate result of the wrongful actions of Defendant Miller and the Village of Forest Park as alleged in this complaint, Marco Gomez suffered serious injuries of a personal and pecuniary nature, including but not limited to, pain and suffering experienced as he was dying from the gunshot wounds inflicted by Defendant Miller, subjecting his employer Village of Forest Park to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

WHEREFORE, Plaintiff demands substantial actual or compensatory damages against Defendant Village of Forest Park as the employer of Defendant Miller, plus the costs of this action, and whatever additional relief this Court deems equitable and just.

## Count 4
## State Law Wrongful Death Claim

47. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

48. As a direct and proximate result of the foregoing willful and wanton acts of the Defendant Miller and the Village of Forest Park, Marco Gomez died on February 3, 2017.

49. Plaintiff, Daisy Perez, Independent Administrator of the Estate of Marco Gomez, deceased, brings this action in her capacity as Independent Administrator on behalf of the

8

beneficiaries of the Estate of Marco Gomez, all of whom have suffered and will continue to suffer pecuniary loss as a result of the death of Marco Gomez.

WHEREFORE, the Plaintiff, Daisy Perez, Independent Administrator of the Estate of Marco Gomez, demands judgment against Defendant Village of Forest Park as employer of Defendant Miller for compensatory damages, plus costs, and any and all other relief that this Court deems just, fair, necessary and proper.

## Count 5
## State Law Claim for Funeral Expenses

50. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

51. As a direct and proximate result of the actions of Defendants alleged in this complaint, having been taken within the scope of Defendant Miller's employment with the Village of Forest Park, Plaintiff and the Estate of Marco Gomez sustained losses in the form of funeral and burial expenses.

WHEREFORE, Plaintiff demands substantial actual or compensatory damages against Defendant Village of Forest Park, plus the costs of this action, and whatever additional relief this Court deems equitable and just.

## Count 6
## State Law Claim for Battery

52. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

53. Defendant Miller knowingly and without legal justification caused bodily harm to Plaintiff when he shot and killed him, thereby constituting battery under Illinois law.

WHEREFORE, Plaintiff demands substantial actual or compensatory damages against

9

Defendant Village of Forest Park as employer of Defendant Miller, plus the costs of this action and whatever additional relief this Court deems equitable and just.

## Count 7
### State Law Claim for Respondeat Superior Against Defendant Village of Forest Park

54. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

55. Defendant Miller was, at all times material to the allegations made in this complaint, employee and agent of Defendant Village of Forest Park acting within the scope of his employment. Defendant Village of Forest Park is liable for the acts of Defendant Miller as well as another Forest Park officer and/or employee that form the basis of Plaintiff's state law claims under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for compensatory damages, from Defendant Village of Forest Park as employer of Defendant Miller, plus the costs of this action and whatever additional relief this Court deems equitable and just.

## Count 8
### 745 ILCS 10/9-102 Claim Against Defendant Village of Forest Park

56. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

57. Defendant Village of Forest Park was the employer of Defendant Miller at all times relevant to the allegations contained in this complaint.

58. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant Village of Forest Park is liable for any judgments for compensatory damages and attorneys' fees in this case arising from the Defendant Miller's actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant Village of

Forest Park to indemnify Defendant Miller for any judgment for compensatory damages and

attorneys' fees in this case arising from his actions.

s/Andrew Stroth

s/ Amanda S. Yarusso

Andrew M. Stroth
Action Injury Law Group, LLC
191 North Wacker Drive
Suite 2300
Chicago, IL 60606
(312) 771-2444
astroth@actioninjurylawgroup.com

Carlton Odim
Action Injury Law Group, LLC
191 N. Wacker Drive
Suite 2300
Chicago, IL 60606
(312) 578-9390
carlton@actioninjurylawgroup.com

Amanda S. Yarusso
111 West Washington Street, Suite 1500
Chicago, Illinois 60602
(773) 510-6198
amanda.yarusso@gmail.com

*ATTORNEYS FOR PLAINTIFF*